IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv373

| | |
|---|---|
| AL HAMRA TRADING EST., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DIAMONDBACK TACTICAL, LLLP, )<br> et al. )<br>)<br>Defendants. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

Pending before the Court are the Motions to Dismiss [# 12, # 16 & # 35] filed by Defendants. Plaintiff brought this action for fraudulent transfer and punitive damages against Defendants. In addition, Plaintiff seeks to pierce the corporate veil and hold Defendants liable for the debts of Defendant First Choice Armor and Equipment, Inc. ("First Choice"). Defendants Diamondback Tactical, LLLP and D-Back Acquisition Co. (collectively, "Diamondback Defendants") move to dismiss all the claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Daniel Walsh moves to dismiss all the claims pursuant to Rules 12(b)(2) and (6). Finally, Defendant Karen Herman moves to dismiss the Complaint pursuant to Rule 12(b)(6). The Court **RECOMMENDS** that the

-1-

District Court **DENY** the Diamondback Defendants' motion [# 12] and Defendant Herman's motion [# 35], and **DENY in part** the Motion to Dismiss [# 16] filed by Defendant Walsh to the extent it seeks to dismiss the claims pursuant to Rule 12(b)(6). The Court has addressed the portion of Defendant Walsh's motion [# 16] seeking to dismiss the claims against him for lack of personal jurisdiction pursuant to Rule 12(b)(2) in a separate Order.

### I.     Background[1]

### A.     The Parties to this Dispute

Plaintiff is a corporation based in the United Arab Emirates that engages in international trade. (Pl.'s Compl. ¶ 5.) Defendant First Choice is a Massachusetts corporation that manufactures and sells protective equipment, including personal ballistic vests. (Id. ¶ 8.) Defendant First Choice's last known headquarters and factory were located in Spindale, North Carolina and Braintree, Massachusetts. (Id.) Defendant Karen Herman is a resident of Asheville, North Carolina and the president and sole corporate officer of Defendant First Choice. (Id. ¶ 9.) Defendant Walsh is a resident of Massachusetts and was the former president and corporate officer of Defendant First Choice. (Id. ¶ 10.) Plaintiff alleges that Defendant Walsh maintains an office or place of business in Spindale, North

---

1       For purposes of ruling on the Motions to Dismiss, the Court has construed all the well-pled factual allegations in the Complaint in the light most favorable to Plaintiff, as is required when ruling on a motion to dismiss. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).

Carolina. (Id.)

Defendant Diamondback Tactical, LLP ("Diamondback Tactical") is also a manufacturer and seller of protective equipment, including personal ballistic vests, with its headquarters in North Carolina. (Id. ¶ 6.) Defendant Diamondback Tactical also maintains a factory in Spindale, North Carolina. (Id.) Defendant D-Back Acquisition Co. ("D-Back") is a Delaware corporation that has its headquarters in Spindale, North Carolina. (Id. ¶ 7.) Defendant Walsh is the chief executive officer and a corporate officer of Diamondback and a corporate officer of D-Back. (Id. ¶ 10.)

### B. The Actions Giving Rise to this Dispute

In 2008, Plaintiff entered into an agreement with Defendant First Choice to purchase 3000 ballistic vests. (Id. ¶ 13.) Plaintiff advanced $2,980,000.00 to Defendant First Choice for full payment for the vests prior to shipment. (Id. ¶¶ 14-16.) After receiving the funds from Plaintiff, Defendant First Choice only delivered 2,100 of the vests and refused to deliver the remaining vests. (Id. ¶ 18.) Defendant First Choice also refused to refund the $924,500.00 that Plaintiff advanced for the 900 vests. (Id.) Accordingly, Plaintiff brought suit for breach of contract against Defendant First Choice in the United States District Court for the District of Massachusetts, ultimately obtaining a final judgment in the principal

amount of $924,500, plus interest. (Id. ¶¶ 19-21.) Plaintiff, however, has been unable to collect any portion of this judgment. (Id. ¶ 23.)

Plaintiff contends that the reason it has not been able to collect any of this judgment is because of a fraudulent transfer of assets. Specifically, Plaintiff contends that Defendants First Choice, Herman, and Walsh intentionally created a series of delays in the proceedings before the United States District Court for the District of Massachusetts in order to allow Defendants time to arrange for the transfer of Defendant First Choice's assets prior to the entry of a judgment. (Id. ¶¶ 24-43.) While the litigation was pending, Defendant First Choice did in fact transfer all its assets to Defendants Diamondback Tactical and D-Back. (Id. ¶¶ 24, 45.) This transfer of assets rendered Defendant First Choice insolvent and has prevented Plaintiff from collecting the judgment it obtained in federal court. (Id. ¶¶ 2, 31.)

The asset transfer involved a number of shell entities and Defendant First Choice did not receive any consideration for the transfer. (Id. ¶¶ 46-47.) All of these shell entities were controlled by either Defendants or Defendant Herman's husband, Edward Dovner. (Id. ¶ 48.) After the transfer of assets, Defendant Diamondback Tactical continued to manufacture and sell First Choice branded ballistic vests and other equipment from its Spindale, North Carolina facility. (Id.

¶ 52.)  Defendant Walsh then became the CEO of Defendant Diamondback Tactical.  (Id. ¶ 51.)  In addition, substantially all of the employees of First Choice became employees of Defendant Diamondback Tactical, and these employees continued in the same roles as when they were employed at Defendant First Choice.  (Id. ¶ 53.)  The sales and marketing website www.firstchoicearmor.com remained active.  (Id. ¶ 54.)  Finally, Plaintiff contends that Defendant Walsh personally participated in and profited from the transfer.  (Id. ¶ 81.)

As a result of the transfer of assets, Plaintiff brought this action.  Plaintiff contends that the asset transfer was intentionally carried out in order to defraud Plaintiff and prevent it from collecting the judgment it obtained in United States District Court for the District of Massachusetts.  (Id. ¶¶ 64-72.)  In addition, Plaintiff contends that Defendants Walsh and Herman are personally liable for the judgment obtained against First Choice because they have operated Defendant First Choice as the mere instrumentality or alter ego of Defendants Walsh and Herman.  (Id. ¶¶ 74-84.)  Moreover, Plaintiff alleges that Defendant Walsh was one of the former owners of First Choice, and that he and Defendant Herman used First Choice and the Diamondback Defendants as shields to shift assets amongst corporate entities in order to allow them to personally profit while avoiding the obligation to pay a court judgment and other debts owed by Defendant First

Choice. (Id. ¶¶ 75, 77, 80, 83.) Finally, Count Three asserts a claim for punitive damages against Defendants. (Id. ¶¶ 85-90.) Defendants Diamondback Tactical and D-Back move to dismiss all the claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Daniel Walsh moves to dismiss all the claims pursuant to Rules 12(b)(2) and (6). The Court will address Defendant Walsh's Rule 12(b)(2) motion in a separate Order. The Rule 12(b)(6) Motions to Dismiss are now before the Court for a Memorandum and Recommendation for the District Court.

## II.    Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motions, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain

sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

Where, a party's allegations sound in fraud, however, the allegations must also satisfy the heightened pleading standards of Rule 9. Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 629 (4th Cir. 2008); Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Rule 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9 applies not only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud. Cozzarelli, 549 F.3d at 629. A claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with Rule 9(b). Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999).

**III. Analysis**

**A. The Diamondback Defendants' Motion to Dismiss**

The Diamondback Defendants move to dismiss the claims asserted in the Complaint pursuant to Rule 12(b)(6). Specifically, the Diamondback Defendants contend that the transfer of assets at issue was a UCC Article 9 foreclosure sale and disposition of secured collateral and, thus, the allegations are implausible. In support of its legal argument, the Diamondback Defendants have attached

numerous documents to their Motion to Dismiss and contest many of the factual allegations in the Complaint.  The Diamondback Defendants' argument, however, is premature as the factual allegations in the Complaint clearly state a claim against the Diamondback Defendants.  Whether the transfer of assets was fraudulent or was a legitimate transfer pursuant to a foreclosure sale is a factual issue to be resolved at the summary judgment stage, not in a motion to dismiss.

While the Court may consider extrinsic evidence attached to a defendant's motion to dismiss at the Rule 12(b)(6) stage if the document is integral to and explicitly relied upon in the plaintiff's complaint and the plaintiff does not challenge the authenticity of the evidence, American Chiropractic Ass'n v. Trigon Heathcare, Inc., 376 F.3d 212, 234 (4th Cir. 2004); Braun v. Maynard, 652 F.3d 557, 559 n.1 (4th Cir. 2011), most of the documents submitted by the Diamondback Defendants fail to satisfy this standard.  Here, the documents submitted by the Diamondback Defendants are not incorporated by reference into the Complaint, are not referred to in the Complaint, and are not central to the Plaintiff's claim.  The fact that the Complaint references a general asset transfer does not open the door to the introduction of any document that may be related to this transfer; such a ruling would subvert the entire purpose of Rule 12(b)(6) and transform every motion to dismiss into a motion for summary judgment based

entirely on the selective documents submitted by a defendant. Although the Diamondback Defendants may ultimately prevail on their argument that the transfer was a legitimate transfer of assets, the proper procedure for making such an argument is at the summary judgment stage, not pursuant to Rule 12(b)(6). Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 12].

### B. Defendant Walsh's Rule 12(b)(6) Motion to Dismiss

Defendant Walsh also moves to dismiss the claims in the Complaint pursuant to Rule 12(b)(6). To the extent that Defendant Walsh contends the claims fail to state a claim pursuant to Rule 12(b)(6) because the fraudulent transfer claim is implausible, the motion fails for the same reason that the Diamondback Defendants' motion fails. Moreover, Defendant Walsh may not rely on his own affidavit to contest the allegations in the Complaint at the Rule 12(b)(6) stage.

Defendant Walsh also moves to dismiss the piercing the corporate veil claim pursuant to Rule 12(b)(6). As a threshold matter, the Court notes that both parties assume that North Carolina law applies to this claim and neither party addresses the choice of law issue.[2] District courts in this Circuit, however, have found that

---

2 In fact, Defendant Walsh relies on cases applying the law of various forums. See DeWitt Truck Brokers, Inc. v. Fleming Fruit Co., 540 F.2d 681 (4th Cir. 1976) (addressing federal common law and South Carolina state law); Cunningham v. Rendezvous, Inc., 699 F.2d 676 (4th Cir.1983) (applying federal common law); Huennekens v. Reczek, 43 F. App'x 562 (4th Cir. 2002) (addressing Virginia state law). As Plaintiff does not assert federal claims and neither Virginia nor South Carolina law applies in this action, such cases have little to no relevance to the issues

-10-

the law of the state of incorporation governs a piercing the corporate veil claim. See USA Trouser v. Int'l Legwear Group, Inc., Civil No. 1:11-cv-00244-MR-DLH, 2012 WL 6553108 n.3 (W.D.N.C. Dec. 14, 2012) (Reidinger, J.); Dassault Falcon Jet Corp. v. Oberflex, Inc., 909 F. Supp. 345, 350-51 (M.D.N.C. 1995); Jo v. Piston Mfg., Inc., Civil Action No. 4:06-CV-00076-F, 2009 WL 1578522 (E.D.N.C. Jun. 2, 2009); Raleigh Flex Owner I, LLC v. Marketsmart Interactive, Inc., No. 1:09CV699, 2011 923356 n.14 (M.D.N.C. Mar. 7, 2011). Defendant First Choice was incorporated in Massachusetts. (Pl.'s Compl. ¶ 8.) Because neither party has addressed the choice of law issue or addressed the piercing the corporate veil claim under Massachusetts law, the Court **RECOMMENDS** that the District Court **DENY** the motion to dismiss [# 16] pursuant to Rule 12(b)(6). At the summary judgment stage, the parties will need to address whether Massachusetts law or North Carolina applies to the piercing the corporate veil claim.

    Even if the Court were to assess the piercing the corporate veil claim under North Carolina law as the parties suggest, the Complaint sufficiently states a claim against Defendant Walsh. Pursuant to North Carolina law, a party may disregard the corporate entity and treat an individual liable as one and the same with the corporate entity where the corporation is operated as the mere instrumentality or

---

before the Court.

alter ego of the individual. Atlantic Tobacco Co. v. Honeycutt, 398 S.E.2d 641, 643 (N.C. Ct. App. 1990). The North Carolina Supreme Court has set forth three elements for asserting such a claim: (1) the complete control and domination over the corporate entity by the individual; (2) the use of that control and domination by the individual to perpetrate a fraud or wrong; and (3) and the control and domination proximately causes the injury or loss at issue. Glen v. Wagner, 329 S.E.2d 326, 330 (N.C. 1985); Honeycutt, 398 S.E.2d at 643. Here, the Complaint contains factual allegations supporting each of these elements. The Complaint alleges that Defendant Walsh exercised ownership, control, and domination over First Choice and disregarded its corporate form in order to perpetuate the fraudulent transfer of assets and personally enrich himself, all while using the corporate form to shield himself from personal liability. (Pl.'s Compl. ¶ 75-83.) In addition, the Complaint alleges that this control and domination exerted by Defendant Walsh caused the injury at issue. This is all that is required to state a claim under North Carolina law.

Defendant Walsh attacks these factual allegations by offering his affidavit contesting the allegations in the Complaint. Again, Defendant Walsh may not contest the factual allegations in the Complaint on a Rule 12(b)(6) motion by attaching an affidavit in an attempt to show that the allegations are not plausible.

Accordingly, even assuming that North Carolina law applies in this case, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 16] pursuant to Rule 12(b)(6).

## C. Defendant Herman's Motion to Dismiss

Defendant Herman moves to dismiss the claims in the Complaint pursuant to Rule 12(b)(6) based on the same grounds as raised in the motions filed by the other Defendants. For the reasons stated with regards to the Motions to Dismiss filed by Defendant Walsh and the Diamondback Defendants, the Court also **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 35] filed by Defendant Herman.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Diamondback Defendants' motion [# 12] and Defendant Herman's motion [# 35], and **DENY in part** the Motion to Dismiss [# 16] filed by Defendant Walsh to the extent it seeks to dismiss the claims pursuant to Rule 12(b)(6). The Court will address the portion of Defendant Walsh's motion [# 16] seeking to dismiss the claims against him for lack of personal jurisdiction pursuant to Rule 12(b)(2) in a separate Order.

Signed: July 9, 2013

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).