# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv373

| | |
|---|---|
| AL HAMRA TRADING EST., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| DIAMONDBACK TACTICAL, LLLP, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is Defendant Walsh's Motions to Dismiss [# 16]. Plaintiff brought this action for fraudulent transfer and punitive damages against Defendants. In addition, Plaintiff seeks to pierce the corporate veil and hold Defendants liable for the debts of Defendant First Choice Armor and Equipment, Inc. ("First Choice"). Defendant Daniel Walsh moves to dismiss all the claims pursuant to Rules 12(b)(2) and (6). The Court **DENIES without prejudice** the motion [# 16] to the extent it seeks to dismiss the Complaint pursuant to Rule 12(b)(2). The Court will address the Rule 12(b)(6) motion in a separate Memorandum and Recommendation.

## I. Legal Standard

A plaintiff bears the burden of proving that the Court has personal jurisdiction over a defendant by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). Courts are provided flexibility in how the address a motion to dismiss for lack of personal jurisdiction. For example, a Court may rule on the motion based on the pleadings, hold an evidentiary hearing, or allow jurisdictional discovery prior to ruling on the motion. See Marx Indus., Inc. v. Chestnut Ridge Foam, Inc., No. 5:11cv139-RLV, 2012 WL 4888322 (W.D.N.C. Oct. 12, 2012) (Voorhees, J.) However, when the District Court rules on a defendant's Rule 12(b)(2) motion to dismiss without an evidentiary hearing, a plaintiff need only set forth a prima facie case that the Court has personal jurisdiction over the defendant. Id.; Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). In determining whether a plaintiff has made this prima facie showing, the Court construes the allegations in the complaint in the light most favorable to the plaintiff and must resolve all factual disputes in favor of the plaintiff. New Wellington, 416 F.3d at 294; Mylan Labs., 2 F.3d at 60.

In order to determine whether Plaintiff has satisfied its burden, the Court must engage in a two-step analysis. Ellicott Mach. Corp ., Inc. v. John Holland

Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993); Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1064 (4th Cir.1982). First, the Court must determine whether the exercise of jurisdiction over a nonresident defendant is authorized by North Carolina's long-arm statute. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Second, the Court considers whether the exercise of jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Because the North Carolina Supreme Court has interpreted the state's long-arm statute to reach the constitutional limits of due process, Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630-31 (N.C.1977), courts have compressed this two-step inquiry into a single inquiry, see CEM Corp. v. Personal Chemistry, 55 F. App'x 621, 623 (4th Cir. 2003) (unpublished); Gen. Latex & Chem. Corp. v. Phoenix Med. Tech., Inc. 765 F. Supp. 1246, 1249 n. 1 (W.D.N.C.1991) (Potter, J.); Shinn v. Greeness, 218 F.R.D. 478, 481 (M.D.N.C.2003).

Personal jurisdiction may either be specific or general. ALS Scan Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002). Where a defendant's contacts with the forum state also provide the basis for the suit against the defendant, the contacts may establish specific jurisdiction. Id.; Carefirst of Md,

Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003). "In determining whether specific jurisdiction exists, we consider (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be considered reasonable." Carefirst, 334 F.3d at 397 (internal quotation and citation omitted). In contrast, where a defendant's contacts with the forum state are not also the basis of the claims, then jurisdiction over the defendant must constitute general jurisdiction. Id. "To establish general jurisdiction, the defendant's activities in the state must have been continuous and systematic." Id. (internal quotations and citation omitted.)

**II. Analysis**

The Court finds that an evidentiary hearing is necessary in this case to determine whether the Court has personal jurisdiction over Defendant Walsh. Although this Court could rule only on the pleadings and rule on whether the Plaintiff demonstrated a prima facie case of personal jurisdiction over Defendant Walsh, such a ruling would require the District Court at a later date to conduct an evidentiary hearing or determine at trial whether Plaintiff has satisfied its ultimate burden of demonstrating that the Court has personal jurisdiction over Defendant

Walsh.  See MyKey Tech., Inc. v. TEFKAT LLC, Civil Action No. 12-cv-01468, 2012 WL 3257655 (D. Md. Aug. 7, 2012).

In addition, the Court will grant Plaintiff limited jurisdictional discovery prior to the hearing.  The Court, therefore, **DENIES without prejudice** the Motion to Dismiss [#16] to the extent it seeks to dismiss the Complaint pursuant to Rule 12(b)(2).  The Court **DIRECTS** Plaintiff and Defendant Walsh as follows:

(1) Plaintiff may serve Defendant Walsh with ten (10) requests for admission and ten (10) interrogatories by July 22, 2013.   Defendant Walsh shall have ten (10) days to respond to these discovery requests.  Plaintiff, however, must limit these requests to the issue of personal jurisdiction.  To the extent that Plaintiff intends to rely on a piercing the corporate veil theory to establish personal jurisdiction over Plaintiff, Plaintiff may submit discovery requests related to the piercing the corporate veil of Defendant First Choice.

(2) The Court **DIRECTS** Plaintiff and Defendant Walsh to appear for an evidentiary hearing on August 22, 2013, at 9:30 a.m.  in Courtroom 2 at the United States District Court Western District of North Carolina, Asheville Division, 100 Otis Street, Asheville, North Carolina.  This evidentiary hearing is limited to the issue of whether the Court has personal jurisdiction over Defendant Walsh.  At the hearing, Plaintiff will have the burden of proving that the Court has personal

jurisdiction over Defendant Walsh by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). At the hearing, the Court will hear the testimony of Defendant Walsh and any other witness Plaintiff intends to call to attempt to satisfy its burden.

    (3)    The Court places the following time limits on the evidentiary hearing:

        A.    Plaintiff will be allowed a brief opening argument of 10 minutes. Defendant Walsh will be allowed an opening argument of 10 minutes.

        B.    The Court limits Plaintiff's presentation, as well as its cross examination of any of Defendant Walsh's witnesses to 2.5 hours. Defendant Walsh shall have 2.5 hours to cross examine any witnesses called by Plaintiff and to offer any testimony or evidence into the record. No rebuttal evidence will be allowed.

        C.    The Court will allow each side a brief closing of 10 minutes. Plaintiff may reserve all or a portion of this closing for rebuttal.

    (4)    Defendant Walsh may renew his Motion to Dismiss pursuant to Rule 12(b)(2) within twenty (20) days of the hearing. The memorandum in support of the motion should contain citations to the evidence introduced at the hearing as well as to the testimony of Defendant Walsh and any other witness that testifies.

Plaintiff shall have ten (10) days to file a response. Defendant Walsh may file a reply, not to exceed ten (10) pages within seven (7) days of the date Plaintiff files its response to the renewed Motion to Dismiss. Upon the submission of the renewed motion to the Court, the Court will issue a Memorandum and Recommendation to the District Court.

Signed: July 9, 2013

Dennis L. Howell
United States Magistrate Judge