THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00373-MR-DLH

| AL HAMRA TRADING EST., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| DIAMONDBACK TACTICAL, LLLP; D-BACK ACQUISITION CO.; FIRST CHOICE ARMOR AND EQUIPMENT, INC.; KAREN HERMAN; and DANIEL WALSH, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment [Doc. 58].

The Plaintiff initiated this action on November 20, 2012 against the Defendants Diamondback Tactical, LLLP ("Diamondback Tactical"), D-Back Acquisition Co. ("D-Back Acquisition"), First Choice Armor and Equipment, Inc. ("First Choice"), Karen Herman ("Herman"), and Daniel Walsh ("Walsh"). [Doc. 1]. All of the Defendants answered the Complaint with the exception of First Choice. [See Docs. 51, 52, 55]. On October 1, 2013, the Court directed the Plaintiff to take further action against First Choice or risk the dismissal of this defendant. [Doc. 56]. The Plaintiff then moved for the

entry of default against First Choice, which was granted. [Docs. 57, 61]. The Plaintiff now seeks the entry of a default judgment against First Choice. [Doc. 58]. Defendants Diamondback Tactical, D-Back Acquisition, Herman, and Walsh all oppose the Plaintiff's motion. [Docs. 59, 60].

The Plaintiff's Motion for Default Judgment is premature at this time. It is well-established that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (3d ed. 2008). This rule is equally applicable beyond the context of joint and several liability to "situations in which several defendants have closely related defenses." Id.; see also United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 944-45 (4th Cir.1967).

In the present case, the Plaintiff's claims against the Defendants are closely related. To permit the entry of a default judgment against First Choice now would create the potential for inconsistent results at the conclusion of the case. Thus, the appropriate procedure for the Plaintiff to follow is to await a final ruling on the merits as to the remaining Defendants before seeking the entry of a default judgment against First Choice. See,

e.g., <u>Scottsdale Ins. Co. v. Dennis Ins. Group, Inc.</u>, No. 3:08-cv-00173-FDW, 2009 WL 81213, at *1 (W.D.N.C. Jan. 9, 2009) (Whitney, J.).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Default Judgment [Doc. 58] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.** Signed: October 29, 2013

Martin Reidinger
United States District Judge